3579 JPS NI068

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

DONALD BRADY,                          )
                                       )
      Plaintiffs,                )
                                       )
v                                      )    No. 07 CV 6943
                                       )    Judge Joan B. Gottschall
BUSCO, INC., A FOREIGN                 )    Magistrate Judge Martin C. Ashman
CORPORATION D/B/A ARROW                )
STAGE LINES,                           )
                                       )
      Defendants.                )

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE DEFENDANT, AND ALTERNATE MOTION TO TRANSFER VENUE

NOW COMES the Defendant, Busco, Inc., a Nebraska corporation, d/b/a Arrow

Stage Lines (hereinafter "Busco"), by its attorney, Jonathan P. Schaefer of Purcell &

Wardrope, Chartered, and hereby moves this Honorable Court to dismiss the subject

lawsuit with prejudice pursuant to 735 ILCS 5/2-301 and 735 ILCS 5/2-209, because the

court does not have jurisdiction over the Defendant. Alternatively, the Defendant

respectfully moves this Court to transfer (or dismiss) the subject lawsuit pursuant to 735

ILCS 5/2-104, because the subject lawsuit was brought in an improper venue. In support

thereof, the movant hereby relies upon and/or incorporates by reference its Motion To

Dismiss For Lack Of Jurisdiction Over The Defendant, And Alternate Motion To

Transfer Venue filed in the state court before removal, a copy of which (with

attachments) is attached hereto as Exhibit 1 (see also, Document #1, pp. 11-33 filed in this cause).[1]

WHEREFORE, pursuant to 735 ILCS 5/2-301, the Defendant moves this Honorable Court to dismiss the subject lawsuit with prejudice for failure of this court having personal jurisdiction over the Defendant relative to the matters alleged in this lawsuit. Alternatively, if the court were to deny the defendant's Motion to Dismiss based on lack of jurisdiction over the defendant, the defendant alternatively moves this Honorable Court to transfer (or dismiss) the subject lawsuit pursuant to 735 ILCS 5/2-104, as there is no county in Illinois which has proper venue over the plaintiff's cause of action.

Respectively Submitted,

/s/ Jonathan P. Schaefer
ATTORNEY FOR DEFENDANT, BUSCO, INC.

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

---

[1] The Defendant has not amended or revised said state court motion, to provide Federal statutory or case law support, in order not to be held as to have waived (by its subsequent removal) its jurisdictional and venue challenges required to be presented with its initial pleading or action taken in the litigation. To the extent necessary, the Defendant will provide said federal support in its Reply brief.

3579 JPS NI068                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DONALD BRADY,                          )
                                       )
    Plaintiffs,                        )
                                       )
v                                      )          No. 07 L 10846
                                       )
BUSCO, INC., A FOREIGN CORPORATION     )
D/B/A ARROW STAGE LINES,               )
                                       )
    Defendants.                        )

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE DEFENDANT, AND ALTERNATE MOTION TO TRANSFER VENUE

NOW COMES the Defendant, Busco, Inc., a Nebraska corporation, d/b/a Arrow Stage

Lines (hereinafter "Busco"), by its attorneys, Purcell & Wardrope, Chartered, and hereby moves

his Honorable Court to dismiss the subject lawsuit with prejudice pursuant to 735 ILCS 5/2-301

and 735 ILCS 5/2-209, because the court does not have jurisdiction over the Defendant.

Alternatively, the Defendant respectfully moves this Court to transfer (or dismiss) the subject

lawsuit pursuant to 735 ILCS 5/2-104, because the subject lawsuit was brought in an improper

venue.  In support thereof, movant states as follows:

## I.     INTRODUCTION

The Plaintiff brought the subject lawsuit seeking compensation for personal injuries he

allegedly sustained on September 26, 2006 (sic) while on a tour of certain sites in the Denver,

Colorado area. The Plaintiff further alleged that the Defendant owned and operated a certain tour

bus utilized for said tour, and that the Plaintiff was injured while exiting the bus due to the

alleged negligence of the Defendant.  Copy of said Complaint at Law is attached hereto as

Exhibit "One".



Attached hereto as Exhibit "Two" is the Affidavit of Kimball Kinnersley, Corporate Director of Safety for the Defendant. In said Affidavit Mr. Kinnersley swears under oath to the following

    a.    Busco, Inc., was and is incorporated in the State of Nebraska, and has its principal place of business and corporate offices there. Arrow Stage Lines is a division of Busco, Inc.

    b.    Neither Busco, Inc., nor Arrow Stage Lines has any corporate offices or other facilities located in the State of Illinois.

    c.    Contrary to the Plaintiff's Complaint at Law, the incident involving Donald Brady made the subject of his Complaint occurred on September 28, 2006.

    d.    Busco, Inc., through its division, Arrow Stage Lines, has offices located in Denver, Colorado and contracted with The Arrangers, a tour group company, to provide coaches and drivers to The Arrangers, relative to the tour Plaintiff had taken on September 28, 2006. The contract agreement called for Arrow Stage Lines to provide said coaches and drivers to The Arrangers on September 28, 2006 in Denver, Colorado, for a day tour of the Denver area. See the contract documents attached hereto as Group Exhibit A (Acceptance, Terms and Conditions, and Movement Details), and the Arrangers' Schedule of Services attached hereto as Exhibit B.

    e.    At all relevant times, The Arrangers were located at 1425 Market Street, #101, Denver, Colorado.

    f.    Arrow Stage Lines and/or Busco, Inc., did not contract for, nor did it provide any coach or driver in Illinois relative to the subject tour.

For the reasons stated above and below, the Defendant brings these Motions on the grounds that this court does not have jurisdiction over the Defendant relative to the subject cause of action, and alternatively, because the subject action was brought in an improper venue.

## II.    MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE DEFENDANT

The plaintiff, Donald Brady (hereinafter "Brady") does not plead a single fact that would subject Busco to the jurisdiction of Illinois' courts under the Illinois Long Arm Statute. Without jurisdiction, the Complaint filed in the State of Illinois that is directed at Busco should be dismissed with prejudice.

### A.    Jurisdiction over an out-of-state defendant is controlled by the provisions of the Illinois Long Arm Statute.

Section 2-209 of the Illinois Code of Civil Procedure, commonly known as "the Illinois Long Arm Statute," controls matters of personal jurisdiction over an out-of-state defendant. Application of the Illinois Long Arm Statute is subject to the limitations mandated by the Constitution of the United States. 735 ILCS 5/2-209(c). A plaintiff that seeks to assert jurisdiction over an out-of-state defendant has the burden of establishing a *prima facie* basis for personal jurisdiction over that defendant. Kalata v. Healy, 312 Ill.App.3d 761, 765, 728 N.E.2d 648, 651-52 (2000); Ruprecht Company v. Sysco Food Services of Seattle, Inc., 722 N.E.2d 694, 698 (1999); International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc., 281 Ill.App.3d 854, 857-58, 666 N.E.2d 866 (1996). Illinois requires the application of a two-step analysis to determine whether the plaintiff has met its burden. Kalata, 312 Ill.App.3d 761, 728 N.E.2d 648, 652 (2000), *citing*, R.W. Sawant & Co. v. Allied Programs Corp., 489 N.E.2d 1360 (1986).

The court must first determine whether jurisdiction is proper under the specific language of the Illinois Long Arm Statute. Kalata, 728 N.E.2d at 652. "If the answer is no, the inquiry ends." Id. Only if jurisdiction is permissible under the Illinois Long Arm Statute, does the court proceed to the second step of the analysis and determine whether the exercise of jurisdiction comports with due process of law. Id.

3

Therefore this Court's analysis must begin with a plain reading of the language of the Illinois Long Arm Statute, which sets forth the enumerated bases for jurisdiction, and determine whether Progressive has sufficiently pled facts to meet its burden.

Section 2-209 states in pertinent part:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State *as to any cause of action arising from the doing of any of such acts*:

(1) The transaction of any business **within** this State;
(2) The commission of a tortious act **within** this State;
(3) The ownership, use, or possession of any real estate situated in this State

. . . .

(7) The making or performance of any contract or promise substantially connected with this State.

(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:

(1) Is a natural person present **within** this State when served;
(2) Is a natural person domiciled or resident **within** this State when the cause of action arose, the action was commenced, or process was served;
(3) Is a corporation organized under the laws of this State; or
(4) Is a natural person or corporation doing business **within** this State.

(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a). [Emphasis added.]

Brady has not pled sufficient allegations that would confer jurisdiction over Busco under the Illinois Long Arm Statute. To the contrary, the Affidavit of Kinnersley, attached hereto as Exhibit "Two", clearly shows that Busco has <u>not</u> committed any of the acts under Section 2-209 in Illinois *which gave rise to the subject cause of action.*

B.     <u>Jurisdiction is not proper under Federal rules of due process.</u>

Even if jurisdiction were proper under the specific language of the Illinois statute, jurisdiction is improper as it is fails to comport with principles of due process. Under Federal

4

due process requirements, a non-resident defendant must have "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Kalata, 312 Ill.App.3d 761, *citing*, International Shoe Co. v. Washington, 326 U.S. 310; S. Ct. 154 (1945). The court must consider whether the nonresident defendant had sufficient "minimum contact" with the forum state such that there was "fair warning" that the nonresident defendant may be hailed into a forum court; whether the action arose out of, or is related to, the defendant's minimum contacts with the forum state; and whether it is reasonable to require the defendant to litigate in the forum state. Kalata, 312 Ill.App.3d 761.

Due process is met when a defendant "purposefully avails itself of the privilege of conducting activities *within* the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228 (1958). Not one allegation has been made to suggest that Busco availed itself of the privileges of Illinois. Progressive has, at best, alleged that Illinois residents availed themselves of the benefits of traveling to Iowa to do business with Busco. As discussed in detail previously herein, Busco cannot be held to have subjected itself to the courts of Illinois by virtue of Illinois residents seeking out Busco's services.

Based on the Affidavit of Kimball Kinnersley attached hereto as Exhibit "Two", there is no question that the subject cause of action did <u>not</u> arise out of, nor was related to any "minimum contacts" Busco may have had with Illinois. Further, it would not be reasonable to require Busco to litigate this cause in Illinois. Therefore, federal due process requires the cause to be dismissed for lack of jurisdiction over Busco.

Pursuant to 735 ILCS 5/2-301, the Defendant moves this Honorable Court to dismiss the subject lawsuit with prejudice for failure of this court having personal jurisdiction over the Defendant relative to the matters alleged in this lawsuit.

## III.    MOTION TO TRANSFER VENUE

735 ILCS 5/2-101 generally provides that every lawsuit must be commenced in (1) the county of residence of any defendant, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose. 735 ILCS 5/2-102(a) states that a

private corporation organized under the law of Illinois, and any foreign corporation authorized to transact business in Illinois, is a resident of any county that has its registered office or office or is doing business. *Under that provision, a foreign corporation not authorized to transact business in Illinois is a non-resident of Illinois.*

Per the Affidavit of Kimball Kinnersley attached hereto as Exhibit "Two", the Defendant was not incorporated in the State of Illinois, and did not have any corporate offices or other facilities located in the state. Additionally, per the affidavit of Mr. Kinnersley attached hereto, none of the transactions made the subject of the plaintiff's cause of action arose in Illinois. Therefore, pursuant to 735 ILCS 5/2-101, there was no county in Illinois having proper venue for the plaintiff's cause of action. Further, attached hereto as Exhibit "Three" is the Affidavit of Jonathan P. Schaefer, attorney for defendant, indicating that an on-line search of the Illinois Secretary of State records reflected that the defendant was not authorized by the Illinois Secretary of State to transact business in Illinois.

WHEREFORE, if the court were to deny the defendant's Motion to Dismiss based on lack of jurisdiction over the defendant, the defendant alternatively moves this Honorable Court to transfer (or dismiss) the subject lawsuit pursuant to 735 ILCS 5/2-104, as there is no county in Illinois which has proper venue over the plaintiff's cause of action.

JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3579\Pleadings\Deft.Mot.Dismiss & Alternate Mot.TransferVenue 12-7-07.doc

6

From  402 731 1333      Page: 3/6      Date: 11/15/2007 3:57:04 PM

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DONALD BRADY,                          )
                                       )      Case No.:
              Plaintiff                )
      v.                               )                    2007L010846
                                       )                    CALENDAR/ROOM 8
BUSCO, INC., a foreign corporation )                        TIME 00:00
d/b/a ARROW STAGE LINES                )                    P: Other (
              Defendant                )

### COMPLAINT AT LAW

Now come the plaintiff, DONALD BRADY,  by his attorney, JOSEPH M. McGOVERN,

and complaining of the defendant, BUSCO, INC.,d/b/a ARROW STAGE LINES, a foreign

corporation, alleges and states as follows:

1. On or about the 26th day of September, 2006, the defendant, BUSCO, INC., was a foreign

corporation that owned and operated a fleet of tour buses which defendant operated in interstate

commerce.

2. On or about the 26th day of September, 2006 the plaintiff, DONALD BRADY, was 86 years

old and resided in Palos Heights, Illinois.

3. On or about the 26th day of September, 2006 the plaintiff, DONALD BRADY, was a passenger

on a tour bus owned and operated by defendant, BUSCO, INC., which bus was being used to

transport a group of World War II veterans that included plaintiff, DONALD BRADY, on a tour

of certain sites in the Denver, Colorado area.

4. That upon the completion of the tour the plaintiff, DONALD BRADY, was attempting to

leave the bus by descending the stairs that led to the front door of the bus when he fell from the

lowest step of the bus and landed on the pavement injuring his left arm.

5. That the defendant had a duty to provide assistance to its passengers in exiting the bus .

**EXHIBIT**
ONE

From: 402 731 1333       Page: 4/6       Date: 11/15/2007 3:57:04 PM



6. That not withstanding its duties in that respect, the defendant was then and there guilty of one or more of the following acts of negligence or omission which directly caused injury to the plaintiff:

    (a)    Carelessly and negligently failed to provide a safe means of exiting the bus;

    (b)    Carelessly and negligently failed to provide assistance to plaintiff as he exited the bus;

    (c)    Carelessly and negligently failed to provide sufficient personnel to assist plaintiff and the other passengers exiting the bus.

7. That as a direct result of the acts and omissions stated above, the plaintiff, DONALD BRADY, was unable to safely exit the bus and fell injuring his left arm.

8. That as a direct and proximate result of said acts of negligence, the Plaintiff was greatly injured in and about the left arm which arm has become permanently disabled, has suffered great pain as a result thereof, and has become liable for large sums of money for medical care.

    WHEREFORE, the plaintiff, DONALD BRADY, asks the Court to enter judgment against the defendant, BUSCO, INC. d/b/a ARROW STAGE LINES , in an amount in excess of THIRTY THOUSAND( $30,000.00,) DOLLARS  plus the costs of this action.

_____
Attorney for Plaintiff

Attorney No.: 55667
Joseph M. McGovern
2940 West 95th Street
Evergreen Park, Illinois 60805
Telephone 708-229-1036

From: 402 731 1333        Page: 5/6        Date: 11/15/2007 3:57:05 PM

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DONALD BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| BUSCO, INC., a foreign corporation d/b/a | ) | |
| ARROW STAGE LINES | ) | |
| | ) | |
| Defendant | ) | |

### AFFIDAVIT

Joseph M. McGovern, being first duly sworn upon oath states as follows:

1. I am the attorney for the plaintiff in this matter;

2. Plaintiff seeks damages in excess of Fifty Thousand($50,000.00) Dollars.

3. Further affiant sayeth not.

_Joseph M. McGovern_
Joseph M. McGovern

Subscribed to and sworn to before me
this ___ day of ___, 2007.

_Susan Zemaitis_
Notary Public

"OFFICIAL SEAL"
SUSAN ZEMAITIS
Notary Public, State of Illinois
My Commission Expires 09/06/2009

3579 JPS N1068                                                                 Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DONALD BRADY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | No. 07 L 10846 |
| | ) | |
| BUSCO, INC., A FOREIGN CORPORATION | ) | |
| D/B/A ARROW STAGE LINES, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF KIMBALL KINNERSLEY

Now comes Kimball Kinnersley, Corporate Director of Safety for Arrow Stage Lines, a division of Busco, Inc., and hereby states the following under oath:

1.      I am the Corporate Director of Safety for Arrow Stage Lines, a division of Busco, Inc., and have personal knowledge regarding the matters set forth herein.

2.      Busco, Inc., was and is incorporated in the State of Nebraska, and has its principal place of business and corporate offices there.  Arrow Stage Lines is a division of Busco, Inc.

3.      Neither Busco, Inc., nor Arrow Stage Lines has any corporate offices or other facilities located in the State of Illinois.

4.      Contrary to the Plaintiff's Complaint at Law, the incident involving Donald Brady made the subject of his Complaint occurred on September 28, 2006.

5.      Busco, Inc., through its division, Arrow Stage Lines, has offices located in Denver, Colorado and contracted with The Arrangers, a tour group company, to provide coaches and drivers to The Arrangers, relative to the tour Plaintiff had taken on September 28, 2006.  The contract agreement called for Arrow Stage Lines to provide said coaches and drivers to The Arrangers on September 28, 2006 in Denver, Colorado, for a day tour of the Denver area. See the

**EXHIBIT**
**TWO**

contract documents attached hereto as Group Exhibit A (Acceptance, Terms and Conditions, and Movement Details), and the Arrangers' Schedule of Services attached hereto as Exhibit B.

6.    At all relevant times, The Arrangers were located at 1425 Market Street, #101, Denver, Colorado.

7.    Arrow Stage Lines and/or Busco, Inc., did not contract for, nor did it provide any coach or driver in Illinois relative to the subject tour.

8.    I provide this Affidavit is support of a Motion to Dismiss the above-captioned lawsuit. If called to testify before the court and/or jury relative to the foregoing, I would and could so competently testify.

Kimball Kinnersley
Corporate Director of Safety
Arrow Stage Lines, a division of Busco, Inc.
4220 S. 52nd Street
Omaha, NE 68117

Subscribed & Sworn to before me, this 7 day of Dec, 2007.

_____
Notary Public

GENERAL NOTARY-State of Nebraska
MARIA A. LOPEZ
My Comm. Exp. Feb. 4, 2009

## Acceptance

# Arrow Stage Lines - Omaha

| | | | |
|---|---|---|---|
| Client ID | THEARRAN06 | Charter ID | 421161 |
| Client | Corinne Hofstetter | Movement ID | 23252 |
| Company | THE ARRANGERS | Status | Firm |
| Client Ref 1 | | Passengers | |
| Client Ref 2 | 463rd Bomb/Foothills | Distance | |

| | | | |
|---|---|---|---|
| First Pick-up | Denver, CO - Doubletree Hotel | Destination | Golde, CO - FOOTHILLS TOUR |
| Pick-up Date | Thu 9/28/2006    Time  10:00 | Arrival Date | Thu 9/28/2006    Time  10:30 |
| Single Journey | No | Leave Date | Thu 9/28/2006    Time  14:30 |
| Vehicle To Stay | Yes | Back Date | Thu 9/28/2006    Time  15:00 |

**First Pick-up Instructions**

Double Tree Hotel
3203 Quebec
Denver, CO
coolers on coaches . . .waters on ice . . .
ON-SITE: Arrangers Staff
    Corinne Hofstetter  970-980-9572 CELL
Guides are Marolyn Kinnie 303-503-9970 and Donna
Hoffman 303-880-9354.
Take a cooler with 55 waters per bus - on ice. . . .
ARROW DRIVER TO TAKE COOLER WITH YOU .

**Destination Instructions**

Foothills tour as directed INCLUDING stops at:

RED ROCKS
GOLDEN - FOR COORS BREWERY TOUR
LUNCH AT THE TABLE MOUNTAIN INN
    1310 Washington Ave - Golden

Departing for hotel approx 230pm

| Seats | Vehicle Description | Vehicle No | Price | Tax % | Tax | Total |
|---|---|---|---|---|---|---|
| 55 | Motorcoach | 1 | $450.00 | 0 | $0.00 | $450.00 |
| 55 | Motorcoach | 2 | $450.00 | 0 | $0.00 | $450.00 |

| Quantity | Description | Unit Price | Price | Tax % | Tax | Total |
|---|---|---|---|---|---|---|
| 2 | Fuel Surcharge | $63.00 | $126.00 | 0 | $0.00 | $126.00 |
| 110 | Beverages | $1.50 | $165.00 | 0 | $0.00 | $165.00 |
| 2 | Coolers with Ice | $9.00 | $18.00 | 0 | $0.00 | $18.00 |
| Movement Totals | | | $1,209.00 | | $0.00 | $1,209.00 |

| Driver Description | Vehicle No | Driver Description | Vehicle No |
|---|---|---|---|
| DR | 1 | DR | 2 |

| Route | Further Requirements |
|---|---|
| PER CLIENT:  Do NOT go up to Lookout Mountain. | End of service with drop at hotel by 3pm<br>Thank you!!<br><br>$79 each additional hour |

I accept this firm booking and price, terms & conditions, and payment terms detailed in the attached letters.

FOR CREDIT CARD: I hereby give Busco Inc. permission to charge a deposit and the full payment to my credit card.
Type of Card:_____  Card Number:_____ Exp Date: _____

| Signature | | Print Name | | Date | |
|---|---|---|---|---|---|

Coach Manager  Printed: 11/27/2007 4:45:50 PM

DEFENDANT'S
EXHIBIT

Group A

# Busco Inc. (Arrow Stage Lines & Corporate Transportation N' Tours)
## Terms and Conditions

**CONFIRMATION** (a) A deposit and a signed contract is required after you receive our contract. By doing this you reserve your bus for your departure date.

(1) A minimum of $150.00 deposit for all charters is due upon booking

(b) Final payment for charter service is due and payable at least 14 days in advance of the charter date. If a charter is paid by check and there are insufficient funds, there will be a $50.00 fee assessed to your charter. (c) Charters booked less than two weeks prior to departure must be paid in full.

(d) When making payment, please indicate on your check or other mode of payment, the date of your trip and your Charter Confirmation Order Number to insure proper credit.

**CANCELLATION:** The Chartering Party must notify the Company of cancellations. There will be no cancellation fee if the cancellation is made more than 30 days prior to the Charter Date. Cancellations made less than 30 days prior to the Charter Date for all will be subject to up to full price cancellation fee PER BUS.

**CTNT Customers** - Cancellations less than 72 hours prior to departure, a cancellation fee of $100.00 per bus will be assessed. Cancellations less than 24 hours will be charged the full amount of the charter.

**RESPONSIBILITY:** When the Chartering Party requests any change in service that results in an increase in miles or hours to that specific charter, an additional charge may be necessary for that additional service.

A detailed itinerary is required for all trips at least two weeks prior to departure. Prices are subject to change based on the final itinerary. The Chartering Party is responsible for reserving a room(s) for the driver(s).

The group is responsible for all tolls, parking, ferry, and entrance fees incurred on the trip. Driver's gratuity is not included in this price

Unless noted, the group is responsible for paying and providing our driver with a single, non smoking hotel room. If this trip involves 2 or more driver per bus, then each driver must be provided a single room.

Arrow Stage Lines is not responsible for any luggage or personal items left either inside the motorcoach or underneath the luggage bays.

**DRIVER HOURS:** Itineraries are subject to review by a safety officer of the Company. Federal Department of Transportation safety regulations prohibit drivers to be on duty more than fifteen (15) hours per day, ten (10) of which are for driving (including a 30-minute pre- and post-trip vehicle inspection). The driver must be given eight (8) consecutive hours off before he/she may resume his/her duties.

**DAMAGES TO BUSES:** The cost of repairing damage to buses resulting from the conduct and actions of passengers on that specific charter shall be charged to the Chartering Party and is payable as soon as such cost is determined.

**ARRIVAL TIME:** Operators are carefully selected and have instructions to drive at all times at a speed within the limits prescribed by law and compatible with safe operation. Unusual road, traffic and weather conditions are beyond Company control.

**EQUIPMENT:** Equipment furnished by the Company is thoroughly inspected before being assigned to the charter service to insure uninterrupted service. If for some reason beyond the control of the Company, a mechanical failure makes necessary the replacement of a bus originally assigned to the charter service, the replacement bus may be of a different type. Audio/Video Equipment is installed on all of our over the road motorcoaches. Only non-copyrighted video cassettes are permitted to be shown. We are not liable for providing the video nor are we liable for the content shown on the videos. We also reserve the right to sub-contract if it is necessary.

**CONDUCT OF PASSENGERS:** The Company reserves the right to refuse to transport persons under the influence of intoxicating liquor or drugs, or who are, or are likely to become, objectionable to other persons.

Passengers shall not interfere with the operator in the discharge of his duty or tamper with any apparatus or appliance on the bus.

**DAMAGE DEPOSIT:** A $250.00 deposit (per bus) will be required if Arrow Stage Lines feels it is necessary for the trip you are taking. The deposit will be refunded if the bus is returned undamaged and with no excessive cleaning.

**PRICES SUBJECT TO CHANGE:** All prices quoted in the confirmation are subject to change under the circumstances described herein, but shall not be increased, in the aggregate, by more than twenty percent (20%). (a) Arrow Stage Lines reserves the right to impose a fuel surcharge based upon an increase in fuel prices between the time the trip is quoted and the actual service date. This surcharge would be based solely on the increased cost of fuel, and would be calculated on the difference in price per gallon and the total number of miles required for the trip itinerary.

**PROHIBITED ITEMS:** The following items are prohibited without the written consent of the Company: (a) Decorations (b) Smoking (c) Glass containers or Kegs (d) Golf shoes, ski boots, or other shoes with spikes (e) Fuel containers

(f) Fire Arms, explosives, and fireworks (federal law)

**ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement between the parties and supersedes any and all other agreements, either oral or written with respect to the subject matter hereof.

# Movement Details

## Arrow Stage Lines - Omaha

| | |
|---|---|
| Client ID | THEARRAN06 |
| Client | Corinne Hofstetter |
| Company | THE ARRANGERS |
| Client Ref 1 | |
| Client Ref 2 | 463rd Bomb/Foothills |

| | |
|---|---|
| Charter ID | 421161 |
| Movement ID | 23252 |
| Status | Firm |
| Passengers | |
| Distance | |

| | | |
|---|---|---|
| First Pick-up | Denver, CO - Doubletree Hotel | |
| Pick-up Date | Thu 9/28/2006 | Time  10:00 |
| Single Journey | No | |
| Vehicle To Stay | Yes | |

| | | |
|---|---|---|
| Destination | Golde, CO - FOOTHILLS TOUR | |
| Arrival Date | Thu 9/28/2006 | Time  10:30 |
| Leave Date | Thu 9/28/2006 | Time  14:30 |
| Back Date | Thu 9/28/2006 | Time  15:00 |

**First Pick-up Instructions**

Double Tree Hotel
3203 Quebec
Denver, CO
coolers on coaches . . .waters on ice . . .
ON-SITE: Arrangers Staff
    Corinne Hofstetter  970-980-9572 CELL
Guides are Marolyn Kinnie 303-503-9970 and Donna
Hoffman 303-880-9354.
Take a cooler with 55 waters per bus - on ice. . . .
ARROW DRIVER TO TAKE COOLER WITH YOU .

**Destination Instructions**

Foothills tour as directed INCLUDING stops at:

RED ROCKS
GOLDEN - FOR COORS BREWERY TOUR
LUNCH AT THE TABLE MOUNTAIN INN
        1310 Washington Ave - Golden

Departing for hotel approx 230pm

| Seats | Vehicle Description | Vehicle No | Price | Tax % | Tax | Total |
|---|---|---|---|---|---|---|
| 55 | Motorcoach | 1 | $450.00 | 0 | $0.00 | $450.00 |
| 55 | Motorcoach | 2 | $450.00 | 0 | $0.00 | $450.00 |

| Quantity | Description | Unit Price | Price | Tax % | Tax | Total |
|---|---|---|---|---|---|---|
| 2 | Fuel Surcharge | $63.00 | $126.00 | 0 | $0.00 | $126.00 |
| 110 | Beverages | $1.50 | $165.00 | 0 | $0.00 | $165.00 |
| 2 | Coolers with Ice | $9.00 | $18.00 | 0 | $0.00 | $18.00 |
| Movement Totals | | | $1,209.00 | | $0.00 | $1,209.00 |

| Driver Description | Vehicle No | Driver Description | Vehicle No |
|---|---|---|---|
| DR | 1 | DR | 2 |

| Route | Further Requirements |
|---|---|
| PER CLIENT: Do NOT go up to Lookout Mountain. | End of service with drop at hotel by 3pm<br>Thank you!!<br><br>$79 each additional hour |

Coach Manager  Printed: 11/27/2007 4:45:49 PM

463rd Bomb Squad / #4337
Thursday, September 28, 2006



# THE ARRANGERS
### COLORADO DESTINATION MANAGEMENT AND EVENT PLANNING... SINCE 1969

## SCHEDULE OF SERVICES

**GROUP NAME:** 463rd Bomb Squad
**DATE(S):** Thursday, September 28, 2006
**EVENT(S):** Foothills Fandango Tour / 10am – 3pm

**CLIENT CONTACT:** Sue Mendelson or Art Mendelson Jr. (714.345.3289)

**HEADQUARTERS HOTEL/PHONE:** Double Tree Hotel (I70 & Quebec)
3203 Quebec St., Denver, CO 80207 / 303.321.3333

**GROUP INFO:** 106 guests

| ANY QUESTIONS CALL: | TITLE: | OFFICE/CELL: |
| --- | --- | --- |
| Corinne Hofstetter | Sales & Program Manager | 970.980.9572 |

| VENDOR(S): | CONTACT: | PHONE/CELL: |
| --- | --- | --- |
| Arrow Stage Lines | Dispatch | 303.204.0160 |
| Charter # 421161 | | 303.373.9119 |
| Table Mountain Inn | Shannon Sharkey | 303.216.8010 |

**TRANSPORTATION:** (2) 55pax Motorcoaches w/ coolers of water & ice on-board (53 guests per Motorcoach)

**TRANSPORT. SPOT TIME(S):** Spot at Doubletree Hotel at 9:30am

**DRIVER INSTRUCTIONS:** Tour Guides to determine desired route, please note however that the time that each bus/group is to arrive at Coors Brewery for the tour and a window to lunch at the Table Mountain Inn is listed on the next page. Please adhere to these times but otherwise, suggestions are made for spots to visit but it is for the tour guides to coordinate.

**PLEASE NOTE:** It is important that we keep the altitude in mind; the client does not want to go to high elevations because of the elderly age of this group so we will NOT be visiting Lookout Mountain or Buffalo Bill Grave & Museum.

| STAFF: | CELL: |
| --- | --- |
| Marolyn Kinnie | 303.503.9970 |
| Donna Hoffman | 303.880.9354 |

DEFENDANT'S
EXHIBIT
B

**TA UNIFORM:** Black Pants and Pink Polo Shirt and/or Pink Jacket if the weather is chilly

**MEAL(S):** Lunch is included at the Table Mountain Inn for each Tour Guide

463rd Bomb Squad / #4337
Thursday, September 28, 2006

**TIMELINE:**

10am – 3pm: Foothills Tour includes Red Rocks, Coors Brewery and lunch at the Table Mountain Inn. (1310 Washington Avenue, Golden 80401)

Other Possible stops include: Foss Drug, Continental Divide and Dinosaur Ridge

| | |
|---|---|
| 9:30am | Marolyn and Marianne spot at the Doubletree Hotel. Corinne to meet guides with signage and gratuities. Vehicles will already be stocked with coolers & water |
| 9:30am | Arrow Buses spot at the Hotel and staff to talk over their routes with drivers |
| 9:30am | Guests may start arriving in the lobby at this time and we should let them know that we will start boarding the buses at 9:45am. |
| 9:40-9:45am | Guests begin boarding Motorcoaches – they have been given VIOLET colored tickets by their tour coordinator and will show you them as they board. You don't need to collect them. |
| 10:00pm | Motorcoaches depart for Foothills Tour **(can leave early if we're ready to go)** |

**Coors Brewery** – Two (2) Groups of 53 people start at the time indicated below
- 10:30am – 1st group
- 11:30am – 2nd group

**Table Mountain Inn**– We are in the Del Rio and Arapahoe rooms with buffet that will be replenished as guests come and go. Groups will most likely not be eating together. Lunch is set from 11:45am – 1:45pm. Corinne to arrive on-site at 11:00am to pre-advance lunch.

<u>**Menu – Taos Daily Buffet**</u>
White & Blue Corn and Red Chili Tortilla Chips
*w/ Fresh Salsa*
Roasted Chicken Tortilla Soup
Jicama Slaw
*w/ Strawberry Chipotle Dressing*
Baby Field Green Salad
*w/ oranges, walnuts, blue cheese and dressings*
Southwestern Cucumber Salad
Sliced Roasted Turkey Breast, Smoked Ham & Roast Beef
Sliced Cheddar and Pepper Jack Cheeses
White, Wheat & Sourdough Sliced Bread
Lettuce, Tomato, Pickles and Onions
Dijon Mustard and Mayonnaise
Assorted Rolls
Complimentary Freshly Brewed Coffee, Decaf, Hot Teas and Iced Teas

| | |
|---|---|
| 3pm | Return to Doubletree Hotel |

-3579 JPS NI068                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DONALD BRADY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v | ) |
| | ) No. 07 L 10846 |
| | ) |
| BUSCO, INC., A FOREIGN CORPORATION | ) |
| D/B/A ARROW STAGE LINES, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF JONATHAN P. SCHAEFER

Now comes Jonathan P. Schaefer, Attorney for Record for the defendant, Busco, Inc.,
and hereby states the following under oath:

1.    I am the attorney of record for the defendant, Busco, Inc., d/b/a Arrow Stage
Lines.

2.    On December 10, 2007, I went on the website of the Corporation's Division of the
Illinois of Secretary of State, and reviewed the material available on-line relative to the status of
any corporation registered with the Illinois Secretary of State under the name of "Busco, Inc.,"
and/or "Arrow Stage Lines." The results of said search are attached hereto.

3.    The Illinois Secretary of State has incorporated an Illinois corporation under the
name of "Busco, Inc.", located in Alton, Illinois, however, that corporation is not the defendant
herein. Another domestic corporation under that name was dissolved in approximately 2003.

4.    The Illinois Secretary of State has no on-line record which indicates that the
defendant, Busco, Inc., a Nebraska corporation, individually and/or d/b/a Arrow Stage Lines,
was incorporated or licensed to do business in the State of Illinois, on the date of this Affidavit.

**EXHIBIT**
Three

If called by the court to testify regarding the above matters, I would and could so confidently testify.

Jonathan P. Schaefer
Attorney for the Defendant, Busco, Inc.,

**Subscribed & Sworn** to before me, this 10th day of December, 2007.

Notary Public

"OFFICIAL SEAL"
Mary Dannevik
Notary Public, State of Illinois
My Commission Expires July 18, 2010

CORP/LLC Case 1:07-cv-06943  Document 1 DIN Filed 12/10/2007    Page 30 of 35   Page 1 of 1

# CYBERDRIVEILLINOIS

JESSE WHITE
SECRETARY OF STATE

SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORPORATION/LLC SEARCH RESULTS

Search Criteria: BUSCO, INC.

| Entity Type | File Number | Corporation/LLC Name |
|---|---|---|
| CORP MST | 64130242 | BUSCO INC.  Active Domestic in Alton, IL |
| CORP MST | 60419396 | BUSCO, INC. — Dissolved Domestic |

*Neither "Busco, Inc." a Nebraska corporation*

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | BUSCO INC | **File Number** | 64130242 |
| **Status** | GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 03/25/2005 | **State** | ILLINOIS |
| **Agent Name** | CHRISTOPHER D FREEMAN | **Agent Change Date** | 03/25/2005 |
| **Agent Street Address** | 3402 GILLHAM AVE | **President Name & Address** | CHRISTOPHER D FREEMAN 3402 GILHAM AVE ALTON IL 62002 |
| **Agent City** | ALTON | **Secretary Name & Address** | CHRISTOPHER D FREEMAN SAME |
| **Agent Zip** | 62002 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 03/13/2007 | **For Year** | 2007 |

Return to the Search Screen             Purchase Certificate of Good Standing
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

- NOT Busco, Inc., a Nebraska corporation

CORP/LLC Case NOTI CV-06943 GOOD STANDING Filed 12/10/2007    Page 32 of 35  Page 1 of 1



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| Entity Name | BUSCO, INC. | File Number | 60419398 |
| Status | DISSOLVED | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 03/29/1999 | State | ILLINOIS |
| Agent Name | MICHAEL E BERRY | Agent Change Date | 03/29/1999 |
| Agent Street Address | 705 W MAIN ST STE A | President Name & Address | MICHAEL E BERRY 705 W MAIN ST MARION 62959 |
| Agent City | MARION | Secretary Name & Address | INVOLUNTARY DISSOLUTION 08 01 03 |
| Agent Zip | 62959 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 00/00/0000 | For Year | 2003 |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

CORP/LLC CERTIFICATE OF GOOD STANDING  Case 1:07-cv-06943  Document 10  Filed 12/10/2007    Page 33 of 35  Page 1 of 1



SERVICES      PROGRAMS      PRESS      PUBLICATIONS      DEPARTMENTS      CONTACT

## CORP/LLC - CERTIFICATE OF GOOD STANDING

Your search for Arrow Stage Lines did not match any records in the Corporation/LLC-GS Search database.

Please try again.

Return to Search

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE