3579 JPS NI068

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| DONALD BRADY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v ) | No. 07 CV 6943 |
| ) | Judge Joan B. Gottschall |
| BUSCO, INC., A FOREIGN ) | Magistrate Judge Martin C. Ashman |
| CORPORATION D/B/A ARROW ) | |
| STAGE LINES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY ON ITS MOTION TO DISMISS
FOR LACK OF JURISDICTION OVER THE DEFENDANT,
AND ALTERNATE MOTION TO TRASNFER VENUE**

NOW COMES the Defendant, Busco, Inc., a Nebraska Corporation, d/b/a Arrow Stage Lines (herein after "Busco"), by its attorney, Jonathan P. Schaefer, of Purcell & Wardrope, Chtd., and hereby replies to the Plaintiff's Response to Defendant's Motion To Dismiss For Lack Of Jurisdiction Over The Defendant, And Alternate Motion To Transfer Venue (hereinafter "Plaintiff's Response"), as follows:

PLAINTIFF'S RESPONSE FAILS TO ADDRESS THE SUBSTITIVE MATTERS RAISED IN THE DEFENDANT'S MOTION TO DISMISS

The Plaintiff's Response fails to address any of the legal and factual matters set forth in the Defendant's Motion to Dismiss. Plaintiff's Response does not challenge the legal and factual grounds set forth by the Defendant in its Motion to Dismiss for Lack of Jurisdiction Over the Defendant. Further, Plaintiff's Response fails to challenge any of the legal or factual matters set forth in the Defendant's Alternative Motion to Transfer Venue. Instead, the Plaintiff filed an improper and untimely request for remand, in an apparent veiled attempt forum shop.

WHEREFORE, for the reasons stated in its original Motion, the Defendant respectfully requests this Honorable Court to dismiss the Plaintiff's Complaint for lack of jurisdiction over the Defendant, or alternatively, to transfer (or dismiss) the subject lawsuit due to improper venue over the Plaintiff's cause of action.

<u>PLAINTIFF'S IMPROPER AND UNTIMELY ATTEMPT TO SEEK REMAND</u>

In lieu of properly responding to the legal and factual matters set forth in the Defendant's Motion, the Plaintiff improperly and untimely attempts to stipulate that he will not seek a judgment in excess of $75,000, and prays that the court remand the matter to the Circuit Court of Cook County. In response thereto, the Defendant states:

1. That the time that the Defendant filed its Notice of Removal on December 12, 2007, proper federal diversity jurisdiction was present in the matter. There is no question about the diversity of citizenship between the parties. In regard to the amount in controversy, the Defendant showed in its removal notice, through pleadings and correspondence of the Plaintiff's attorney, that: the Plaintiff suffered a fractured humerus for which he had a number of hospitalizations and had undergone extensive physical therapy, said injury left the Plaintiff permanently disabled, and that the Plaintiff had incurred medical specials totaling approximately $60,000 as of 9/21/07. Clearly, at the time of the Defendant's Notice of Removal, the amount in controversy in this case exceeded $75,000, exclusive of interest and costs.

2. Prior to the filing of the Notice of Removal, the Plaintiff never filed or served any affidavit or stipulation that the amount in controversy did *not* exceed $75,000.00

3. As amended by the 1988 Act, 28 U.S.C. §1447(c) reads:

> A motion to remand the case on the basis of any defect and removal procedure must be made within thirty (30) days of the filing of the Notice of Removal under §1446(a).

2

4. The Plaintiff failed to timely file a Motion to Remand by the due date of January 16, 2008.

5. Plaintiff's Response filed on 2/7/08 merely states that the Plaintiff "will not seek a judgment in excess of $75,000, exclusive of costs and interest." By that wording, the Plaintiff does not stipulate that the amount in controversy was less than $75,000, nor does he affirm that he will not seek and will not demand or accept any recovery in excess of $75,000. He merely stipulates that he will not "seek a judgment" in excess of $75,000, ignoring that a jury could award the Plaintiff in excess of what the Plaintiff "seeks".

6. More importantly, the Seventh Circuit follows the rule that a post-removal stipulation, affidavit or amendment of the pleadings reducing the claim below the jurisdictional amount is ineffective to deprive the court of jurisdiction. *Chase v. Shop 'N Save Wharehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir., 1997).

7. If the Plaintiff wanted to avoid federal court, the Plaintiff must have filed before removal a stipulation or affidavit indicating that he was not seeking and will not and would not demand or accept any recovery in excess of $75,000, exclusive of costs and interest. *Workman v. United Parcel Service*, 234 F.3d. 998, 1000 (7th Cir., 2000).

For the reasons stated above, the Plaintiff's attempt to seek a remand is improper and untimely. Further, the record clearly shows that the amount in controversy at the time of filing of the Notice of Removal was sufficient to meet the jurisdictional minimum for federal diversity jurisdiction. Therefore, the Defendant requests that the Plaintiff's prayer for remand in his Response be denied. Further, the Defendant requests that this Honorable Court dismiss the subject lawsuit for lack of jurisdiction over the Defendant, or alternatively dismiss (or transfer)

the cause because venue for the Plaintiff's cause of action did not properly lie in the State of Illinois.

Respectfully submitted,

By: /s/ Jonathan P. Schaefer
Jonathan P. Schaefer

Purcell & Wardrope, Chtd.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603-1013
(312) 427-3900
F:\JPS\3579 - Brady\Pleadings\Reply 2-12-08.doc