UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD BRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 6943 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| BUSCO, INC., a Nebraska corporation, ) | |
| d/b/a ARROW STAGE LINES, ) | Magistrate Judge Martin C. Ashman |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Donald Brady's ("Brady") complaint was removed to this court from the Circuit Court of Cook County by Defendant Busco, Inc. ("Busco") on the basis of diversity jurisdiction. Presently before the court is Busco's motion to dismiss the case for lack of personal jurisdiction or, alternatively, to transfer venue. For the reasons set forth below, Busco's motion to dismiss is granted.

Brady initially filed the instant suit in the Circuit Court of Cook County, alleging personal injuries sustained as the result of a fall from one of Busco's motor coaches during a tour of the greater Denver area. Busco removed the case to this court on December 10, 2007 on the basis of diversity: Brady is a citizen of Illinois, whereas Busco is incorporated, and has its principal place of business and corporate offices, in Nebraska. Busco has now filed a motion to dismiss the case for lack of personal jurisdiction or, alternatively, to transfer the case to an appropriate venue. Brady has responded to

1

Busco's motion by asserting that he would not seek damages in excess of $75,000,[1] excluding interests and costs, and seeks remand of the case to the circuit court.

As an initial matter, Busco opposes Brady's petition for remand of the case on the grounds that it is time-barred under 28 U.S.C. § 1447(c).  According to Busco, the statute reads: "A motion to remand the case on the basis of any defect and removal procedure must be made within thirty (30) days of the filing of Notice of Removal under § 1446(a)."  Def.'s Reply on Mot. to Dismiss 2.  Busco argues that because Brady's response to the motion to dismiss was not filed until February 7, 2008, more than thirty days after the December 10, 2008 filing date of the Notice of Removal, it is time-barred under the statute.

Busco misstates the law.  In fact, § 1447(c) reads, in relevant part:

> A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).  If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (emphasis added).  The plain language of the statute therefore states that a case must be remanded if it appears that the court lacks subject matter jurisdiction at any time before final judgment.  Brady argues that since the amount in controversy is not in excess of $75,000, the court lacks subject matter jurisdiction and the case should be remanded.  Thus subject matter jurisdiction is precisely what is at issue in Brady's petition, and the thirty day filing deadline of § 1447(c) does not apply.  Busco's argument that Brady's petition is time-barred under the statute therefore fails.

---

[1] Brady's complaint alleges damages in excess of $30,000.  In an affidavit filed with the circuit court, Joseph M. McGovern, Brady's attorney, attested that Brady seeks damages in excess of $50,000.

2

The court now turns to the question of whether removal was proper or if the case should be remanded. Removal is proper over any action that could have originally been filed in federal court. 28 U.S.C. § 1441. Here, Busco removed the case on the basis of diversity. 28 U.S.C. § 1332. As the party seeking to invoke federal diversity jurisdiction, Busco bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *See NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976). Busco can meet this burden by supporting its allegation of federal jurisdiction with "competent proof." *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936). In the Seventh Circuit, this requires that Busco offer evidence which proves "to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir. 1993) (quoting *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir. 1993)). Because there is no dispute concerning the complete diversity of the parties, Busco must show, to a reasonable probability, that the amount in controversy exceeds $75,000.

The initial inquiry in determining the amount in controversy typically looks to the face of the complaint, specifically, the amount claimed by the plaintiff in his request for relief. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As in *Chase*, however, this inquiry is frustrated by the fact that Illinois civil procedural law prohibits personal injury plaintiffs from praying for specific relief in their complaints. More particularly:

> Every count in every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled except that in actions for injury to the person, no *ad damnum* may be

3

>   pleaded except to the minimum extent necessary to comply with the
>   circuit rules of assignment where the claim is filed ….

735 ILCS § 5/2-604.  Brady's complaint claims only damages in excess of $30,000. Compl. 2.  However, in instances where, as in the instant case, a defendant's ability to determine the amount in controversy is frustrated by § 5/2-604, the Seventh Circuit has held that a district court may look outside the pleadings to other evidence of jurisdictional amount in the record.  *Chase*, 110 F.3d at 427-28 (citing *Shaw,* 994 F.2d at 366; *Jadair, Inc. v. Walt Keeler, Co., Inc.,* 679 F.2d 131, 132-33 (7th Cir. 1982)).  The court is limited, however, to examining only that evidence of the amount in controversy extant at the time the petition for removal was filed.  *See In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

In its petition for removal, Busco noted that: (1) Brady's complaint prayed for damages in excess of $30,000; (2) Brady's attorney attested that the damages being sought at trial exceeded $50,000; (3) plaintiff had suffered a fractured humerus which had required a number of hospitalizations and extensive physical therapy and (4); Brady's attorney had written a letter informing Busco that Brady's medical specials totaled approximately $60,000.  Pet. for Removal ¶¶ 2-3.  Busco adduces no proof demonstrating that Brady anywhere claimed damages in excess of $75,000, but argues that Brady has nowhere argued (except in his response to Busco's motion to dismiss) that he did *not* intend to seek damages in excess of $75,000.

Once the proponent of federal jurisdiction has set out the amount of controversy, as Busco has done in its notice of removal, only a "legal certainty" that the judgment will be less forecloses jurisdiction.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283,

4

288-89  (1938), *and Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 957 (7th Cir. 1998)).  This holds as true for removed cases as for those initially filed in federal court. *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997).  When an Illinois personal injury defendant seeks federal diversity jurisdiction, however, the situation becomes complicated.  Although the notice of removal serves essentially the same function as the complaint would in federal court, the defendant cannot make the plaintiff's claim for him. *Brill*, 427 F.3d at 449.  As master of his claim, a plaintiff may limit the claims to keep the amount below the federal jurisdictional threshold. *Id.*  Part of the removing party's burden, therefore, is to demonstrate not only what the stakes of the litigation could be, but also what they are, given the plaintiff's actual demands. *Id.*  Accordingly, the Seventh Circuit has repeatedly made the point that the removing litigant must show a reasonable probability that the stakes exceed the minimum. *Id.*; *see also Smith v. American General Life & Accident Insurance Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase*, 110 F.3d at 427.

In the instant case, given the extent of Brady's alleged injuries, his alleged medical expenses, and the damages floor of $50-60,000 asserted by Brady in his attorney's affidavit and disclosure letter to Busco, it is reasonably probable that the damages could exceed the minimum amount in controversy threshold of $75,000. Certainly, it is not a legal impossibility that they could *not*, i.e., prior to removal, Brady asserted no upper cap limiting his recovery.  Had Brady wished to avoid federal jurisdiction, he could have avoided it by stipulating, at the time the suit was filed, that he was not seeking, and would neither demand nor accept, any recovery in excess of $75,000.  *See Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir.

2000).  Having failed to do so, the inference arises that he thinks his claim may be worth more.  *Id.*

The court therefore finds that Busco has demonstrated a reasonable probability that Brady's claims may exceed the $75,000 threshold requirement for subject matter jurisdiction in diversity cases.  Moreover, Brady's stipulation not to claim more than $75,000 in damages, presented in his reply to Busco's motion to dismiss, is unavailing.  The Seventh Circuit follows the U.S. Supreme Court's holding in *St Paul Mercury* that the district court is not deprived of jurisdiction when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount …."   303 U.S at 292; *Chase*, 110 F.3d at 429; *see also In re Shell*, 970 F.2d at 356; *Shaw*, 994 F.2d at 368.  Here, Brady's stipulation is too little, too late, and the court holds that it can exert subject matter jurisdiction in this case.

Finally, the court turns to the question of whether it can exert personal jurisdiction over Busco.  In cases based upon diversity of citizenship, federal district courts sitting in Illinois have personal jurisdiction over nonresident defendants only to the extent that Illinois courts would have jurisdiction.  *Edelson v. Chi'en*, 352 F. Supp. 2d 861, 865-66 (N.D. Ill. 2005); *Interlease Aviation Investors LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 905 (2003); *See also DeLuxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir. 1984).  In Illinois, courts have personal jurisdiction over nonresident defendants if permitted by: (1) Illinois statutory law; (2) the Illinois Constitution; and (3) the Constitution of the United States.  *Id.*

The Illinois long-arm statute currently extends personal jurisdiction to the limit permitted by the Illinois Constitution and the Constitution of the United States.  735

6

ILCS 5/2-209(c); *see also Vanguard Airlines*, 262 F. Supp. 2d at 905 (citing *LaSalle Bank Nat'l Ass'n v. Epstein*, No. 9 C 7820, 2000 WL 283072, at *1 (N.D. Ill. Mar 9, 2000). Moreover, the Seventh Circuit has stated that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction" and that not since the Illinois Supreme Court's 1990 *Rollins* decision has an Illinois court encountered a case in which federal due process requirements permitted personal jurisdiction and Illinois due process requirements prohibited it. *Hyatt International Corp. v. Coco*, 302 F. 3d 707, 715-16 (7th Cir. 2002). Thus, the three requirements for personal jurisdiction collapse into a single analysis. Consequently, other courts of the Seventh Circuit have conducted only a federal due process analysis in determining whether personal jurisdiction may be exerted over nonresident parties. *Vanguard Airlines*, 262 F. Supp. 2d at 906 (citing *Cont'l Cas. Co. v. Marsh*, No. 01 C 0160, 2002 WL 31870531 at *4 (N.D. Ill. Dec. 23, 2002)); *United Fin. Mortgage Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 891-92 (N.D. Ill. 2002)).

Federal due process requirements prescribe that nonresident defendants have sufficient minimum contacts with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hyatt*, 302 F.3d at 713 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In the instant case, Busco asserts that it has no minimum contacts with Illinois; it is incorporated in the state of Nebraska and has no corporate offices or facilities in Illinois. Furthermore, Busco claims that the bus tour was arranged via The Arrangers, a Colorado tour group operator located in Denver, Colorado, which was the also the situs of the alleged injury to Brady.

Busco also claims that it did not contract for, or provide any coach or driver in Illinois, or otherwise conduct any business in Illinois, or reach out to Illinois citizens.

Brady does not contest any of these allegations, nor does he advance any argument whatever as to why this court should have personal jurisdiction over Busco. Accordingly, the court finds that Busco lacks the requisite minimum contacts with Illinois, and therefore the court cannot exert personal jurisdiction over it in this case. The case is therefore dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 3, 2008